## NOON ET AL. *v.* LANAHAN ET AL.

SUPREME COURT.—*Practice.*—*Bill of Exceptions.*—*Evidence.*—Where, from the record on appeal to the Supreme Court, it is apparent that all the evidence given on the trial of the cause is not contained in the bill of exceptions, the verdict or finding below will not be disturbed on a question as to the sufficiency of the evidence to sustain it.

SAME.— *Weight of Evidence.*—the verdict of a jury will not be disturbed, on appeal to the Supreme Court, on the mere weight of evidence.

From the Jennings Circuit Court.

*S. E. Perkins, Jr.*, for appellants.

*J. D. New* and *T. C. Batchelor*, for appellees.

HOWK, J.—This cause was commenced before the board of commissioners of Jennings county, Indiana, by the filing of a petition by the appellees, addressed to said board of commissioners, praying therein for the location of a certain public highway, particularly described, in Vernon township, of said Jennings county. Such proceedings were afterwards had on said petition, before said board of commissioners, as resulted in an order of said board, overruling a motion by the appellant Patrick Noon, to dismiss said petition, and appointing viewers to

examine the proposed highway, and to report to the board whether it would or would not be of public utility. And afterwards the said viewers made a report to said board of the exact location of the proposed public highway, and that it would be of public utility. The appellant Noon then moved the board to dismiss the report of the viewers, which motion was overruled. And the appellant Noon then presented a remonstrance to the board, setting forth therein that the proposed highway was not of public utility, and that he would be damaged thereby, and praying for the appointment of reviewers to assess his damages, etc. Thereupon the board appointed reviewers, who subsequently reported to the board that they had examined the proposed highway, and that it was of public utility. And the appellant Noon moved the board to dismiss the report of the reviewers, which motion was overruled. On the separate petitions of each of the appellants, separate viewers were appointed by the board to ascertain and report the damages, if any, sustained by each of them, by the location and opening of the proposed highway. These reports were made, but neither of the appellants were satisfied therewith. Each of the appellants moved the board to set aside the report in his case, and to appoint other viewers to assess his damages, but these motions were severally overruled. And the board then made an order for the location and opening of the proposed highway, from which order the appellants appealed to the court below.

After several motions had been made and overruled in the court below, the cause was there tried by a jury, and a verdict was returned to the effect that the proposed highway would be of public utility, and that neither of the appellants would be damaged thereby. On written causes filed, the appellants jointly moved the court below for a new trial, which motion was overruled, and to this decision the appellants excepted. And a judgment was

rendered by the court below, in accordance with the verdict, from which this appeal is now prosecuted.

In this court, the appellants have assigned, jointly and separately, the following alleged errors:

1st. The court below erred in overruling the motion to dismiss the petition, and set aside the report of the reviewers; and,

2d. The court erred in overruling the motion for a new trial.

There is really no question presented for our consideration, by the record of this cause, or by the alleged errors the appellants have assigned thereon. There was no motion made in or overruled by the court below, to dismiss the petition and set aside the report of the reviewers. If there was, the record wholly fails to disclose it. And it is very certain that there was no bill of exceptions, containing any motion or the action of the court thereon, filed in the court below.

The causes for a new trial, assigned by appellants in their motion for that purpose, were, that the verdict of the jury was not sustained by sufficient evidence, and that such verdict was contrary to law.

There are several reasons, why the decision of the court below, in overruling the appellants' motion for a new trial, ought not to be disturbed by this court. In the first place, it is by no means certain, that the bill of exceptions, set out in the record, contained all the evidence before the court and jury on the trial of this cause. On the contrary, it is evident, we think, from the record, that all the evidence before the jury is not in the bill of exceptions. In the outset of the bill of exceptions, is this statement:

"It was agreed that all papers in the case, proper to be used legally as evidence, be regarded as in evidence."

In our opinion, there were no "papers in the case, proper to be used legally as evidence;" but if the court below thought otherwise, and any of the "papers in the

case" were used as evidence on the trial, and it is fair to presume, from the agreement cited, that some of the papers were so used, it is very certain that the paper or papers, so used, were not set out in, nor in any manner made part of, the said bill of exceptions.

In the second place, it is the law, so well settled by the decisions of this court that it needs no citation of authorities to support it, that where, as in this case, there was evidence adduced on the trial tending to sustain the verdict of the jury, this court will not disturb the decision of the court below, on the mere weight of the evidence.

And in the third place, we have read the evidence on the trial, as the same is set out in the record; and, in our opinion, the preponderance of that evidence fully sustained the verdict of the jury.

We find no error in the record.

The judgment of the court below is affirmed, at the costs of the appellants.